IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LYNNETTE ELIZABETH GREEN** <br> 7016 Freeport Street <br> Hyattsville, MD 20874 <br><br> PLAINTIFF, <br><br> v. <br><br> **CENTRAL TOWING, INC.** <br> 12901 Halls Purchase Lane <br> Bowie, MD 20721 <br><br> Serve: Resident Agent: <br> **SANJAY ANAND** <br> 12901 Halls Purchase Lane <br> Bowie, MD 20721 <br><br> and <br><br> **SANJAY ANAND** <br> 12901 Halls Purchase Lane <br> Bowie, MD 20721 <br><br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Lynnette Elizabeth Green ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Central Towing, Inc. ("CTI") and Sanjay Anand ("Anand") (together, "Defendants") for violations of Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-401, *et seq.*, ("MWHL"); and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, *et seq.* ("MWPCL"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is over twenty-one years of age and a resident of Prince George's County, State of Maryland. By authorizing her counsel to file this action, Plaintiff has consented to participate as a Plaintiff in an FLSA action.

2. CTI is a corporation formed under the laws of the State of Maryland with its principal office in Bowie, Prince George's County, Maryland. At all times relevant to this action, CTI operated continuously as a towing company in the State of Maryland. CTI is owned, on information and belief, by Anand and his wife.

3. Anand is one of two owners and is the principal managing officer in charge of the day-to-day operations of CTI.

4. At all times relevant to this action, CTI was an enterprise engaged in interstate commerce within the meaning of the FLSA. At all times relevant to this action, CTI has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

5. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

6. On information and belief, CTI has operated in Bowie, Maryland with Anand as CTI's principal officer at all relevant times during Plaintiff's employment. Anand made all decisions of consequence regarding the business and management of CTI, including how much

and in what form to pay Plaintiff. It was Anand who incorrectly classified Plaintiff as an exempt employee for overtime exemption purposes.

7. At all times during Plaintiff's employment, Defendants were Plaintiff's "employer" for purposes of the MWHL and the MWPCL.

8. Plaintiff worked for Defendants from approximately 2008 through December 7, 2020, when she resigned her employment. Plaintiff worked for Defendants as a dispatcher, primarily directing tow truck drivers to accident scenes through use of her cell phone, throughout the course of her employment.

   a. For many years, including the last several years of Plaintiff's employment, Plaintiff typically and customarily worked many hours per week in excess of forty (40) ("overtime hours").

   b. At all times throughout the course of Plaintiff's employment, Defendants had knowledge that Plaintiff typically worked many overtime hours or they suffered or permitted Plaintiff to work such hours.

   c. Defendants paid Plaintiff approximately One Thousand Five Hundred Dollars ($1,500.00) per bi-monthly (twice monthly) pay period (her "regular pay") for the last several years she worked for Defendants. In light of the large number of hours worked by Plaintiff, this pay calculated on an hourly basis as below the minimum hourly wage required to be paid by Maryland and Prince George's County law.

   d. Defendants paid Plaintiff only at her "regular rate" for all hours Plaintiff worked, including overtime hours. Defendants did not pay Plaintiff time and a half her "regular rate" for her overtime hours.

9. Plaintiff did not perform work that meets the definition of "exempt work" under the FLSA, the MWHL, or the MWPCL.

10. Defendant's failure to pay Plaintiff overtime hours at the overtime rate, as required by the FLSA, the MWHL, and the MWPCL, was willful and intentional and not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of FLSA
### (Minimum Wages)

11. Plaintiff realleges and reasserts each and every allegation set forth in the paragraphs above, as if each were set forth herein.

12. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed. [the "overtime rate"]"

13. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were her "employer" under the FLSA, 29 U.S.C. § 207(a)(2).

14. Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

15. As set forth above, during the term of her employment, Plaintiff worked many overtime hours.

16. As set forth above, Defendants failed and refused to compensate Plaintiff at the FLSA-required overtime rate equal to one-and-one-half (1½) times her regularly hourly rate for her overtime hours worked each week.

17. Defendants' failure and refusal to pay Plaintiff at the overtime rate, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law
### (Minimum Wages)

18. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

19. Plaintiff was an "employee" and Defendants were her "employer" within the meaning of the MWHL. As Plaintiff's "employer," Defendants were obligated to pay Plaintiff at least the minimum wage compensation required by the MWHL and Prince George's County law. During the relevant period, the minimum wage required by Prince George's County to be paid to any employee was Eleven Dollars and Fifty Cents ($11.50) per hour. Plaintiff's compensation was well below this amount.

20. At all relevant times, Defendants instructed, permitted, and/or had knowledge that Plaintiff typically worked more than forty (40) hours per week, or suffered Plaintiff to work more than forty (40) hours per week.

21. Defendants, as Plaintiff's "employer," were obligated to compensate Plaintiff at

least at the minimum wage required by Prince George's County for all her hours worked in each workweek.

22. As discussed *supra*, Defendants had actual or constructive knowledge of all hours worked by Plaintiff. Nonetheless, Defendants willingly and knowingly paid Plaintiff at well below the statutorily-required minimum wage for her hours worked instead of at the wage rate required by the Prince George's County statute and under the MWHL.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid minimum wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage and Hour Law
### (Overtime)

23. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

24. Plaintiff was an "employee" and Defendants were each her "employer" within the meaning of the MWHL. As Plaintiff's "employer," Defendants were obligated to pay Plaintiff overtime compensation under MD. CODE ANN., LABOR & EMPLOY. § 3-415 and § 3-420 of the MWHL. As Plaintiff was, in fact, a non-exempt employee for overtime purposes, these sections required Defendants to compensate Plaintiff at the overtime rate for all overtime hours worked.

25. Plaintiff performed work duties in exchange for a bi-monthly wage of approximately Fifteen Hundred Dollars ($1,500.00).

26. Plaintiff customarily worked more than forty (40) hours per week.

27. At all relevant times, Defendants permitted and had knowledge that Plaintiff typically worked more than forty (40) hours per week, or they suffered or permitted Plaintiff to work more than forty (40) hours per week.

28. Defendants, as Plaintiff's "employer," were obligated to compensate Plaintiff at her overtime rate for all overtime hours Plaintiff worked in each workweek.

29. As discussed *supra*, Defendants had actual or constructive knowledge of all hours worked by Plaintiff, including overtime hours. Nonetheless, Defendants willingly and knowingly failed and refused to pay Plaintiff for her overtime hours at the overtime rate required under the MWHL.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for all unpaid overtime wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Maryland Wage Payment and Collection Law
### (Unpaid Wages)

30. Plaintiff re-alleges and reasserts each and every allegation set forth in the paragraphs above as if each were set forth herein.

31. Plaintiff was Defendants' "employee" pursuant to the MWPCL, MD. CODE ANN., LABOR & EMPLOY. § 3-501 and § 3-502.

32. Defendants were each Plaintiff's "employer" pursuant to MD. CODE ANN., LABOR & EMPLOY. § 3-501 and § 3-502.

33. As Plaintiff's "employer," under the MWPCL Defendants were obligated to pay

Plaintiff all wages due to her for the work that she performed, including overtime wages at the overtime rate.

34.  As detailed above, Defendants failed to compensate Plaintiff for straight time at the applicable minimum wage, and for overtime wages at the overtime rate.

35.  Defendants' failure and refusal to pay wages due to Plaintiff were not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count IV for all unpaid straight and overtime wages in such amounts as may be proved at trial, for up to three times (3x) the amount of all unpaid wages as additional damages,, interest (both pre- and post-judgment), for attorney's fees, costs, and expenses of this action, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

/s/ Philip B. Zipin

Philip B. Zipin, Esquire, Bar No. 03932
Roy Lyford-Pike, Esquire, Bar No.
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
Email: pzipin@zagfirm.com
         rlpike@zagfirm.com

*Counsel for Plaintiff*