IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LYNNETTE ELIZABETH GREEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:21-cv-00030-PX |
| | * | |
| CENTRAL TOWING, INC. *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending in this wage and hour case is Plaintiff Lynnette Elizabeth Green's motion for attorneys' fees and costs. ECF Nos. 52 & 53. The issues are fully briefed and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is GRANTED.

### I.     Background

On January 5, 2021, Plaintiff Lynnette Elizabeth Green ("Green") sued Defendants Central Towing, Inc. and Sanjay Anand (collectively "Defendants"), alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Emp. §§ 3-403 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code An.., Lab. & Emp. §§ 3-501 *et seq.* ("MWPCL"). ECF No. 1. The matter has now been tried to judgment. The Court found in Green's favor on all counts and awarded $228,543 in back wages and treble damages. ECF No. 51. Green now seeks, pursuant to the applicable statutes, attorneys' fees of $70,064.00 and $2,464.00 in costs.

### II.     Analysis

The FLSA and companion state statutes allow for the recovery of attorneys' fees and costs for the plaintiff after judgment in her favor. *See* 29 U.S.C. § 216(b); *see also* Md. Code Ann., Lab. & Emp. §§ 3-427(a)(3) & 3-507.2(b). The Court considers Green's requests for

attorneys' fees and costs in turn.

### A. Attorneys' Fees

To assess the reasonableness of the fee request, the Court uses the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (describing "a strong presumption that the lodestar represents the reasonable fee") (internal quotations and citations omitted). Several non-exhaustive factors guide this Court in performing this reasonableness assessment:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009); *see also Rum Creek Coal Sales, Inc.*, 31 F.3d at 175 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Defendants argue that both the hourly rates and time spent litigating this matter are excessive. ECF No. 54 at 2, 6.[1] Turning first to the reasonable hourly rate applicable to each professional involved in the matter, the Court is guided by Appendix B of the Local Rules, which sets forth a presumptively reasonable range of hourly rates keyed to an attorney's years of

---

[1] Defendants also argue that Green's fee request was untimely and should be "disallowed" in whole or in part. ECF No. 54 at 8. Defendants are incorrect. Green filed her motion consistent with the Court's Order. ECF No. 51. Green next supplemented with her memorandum in support as permitted under the Local Rules. *See* D. Md. Loc. R. 109.2.a & 109.2.b. The Court considers the submission timely.

2

experience.  *See* D. Md. Loc. R., App. B.  *See also Reyazuddin v. Montgomery Cnty., Md.*, No. DKC 11-951, 2022 WL 4608331, at *11 (D. Md. Sept. 30, 2022) (quoting *Carrera v. EMD Sales, Inc.*, No. JKB-17-3066, 2021 WL 3856287, at *4 (D. Md. Aug. 27, 2021); *Chaten v. Marketsmart LLC*, No. PX-19-1165, 2020 WL 4726631, at *3 (D. Md. Aug. 14, 2020).  A party seeking attorneys' fees outside this range "bears the burden of establishing the reasonableness of those fees."  *See Chaten*, 2020 WL 4726631, at *3 (citing *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, No. DKC-06-3177, 2012 WL 4324881, at *6 (D. Md. Sept. 18, 2012)).

Green has been represented by several professionals from Zipin, Amster & Greenberg, LLC, namely Philip B. Zipin, Michael Amster, Roy Lyford-Pike, and Mariusz Kurzyna, as well as paralegals and law clerks Brenda Arias, David Vidal-Irizarry, Aylin Ore, and Maryan Nguyen. ECF No. 53 at 8-9; *see generally* ECF No. 53-1.  All but Zipin and Kurzyna bill within the presumptively reasonable ranges and so the Court easily adopts the requested rates here. *Compare* ECF No. 53 at 8-9, *with* D. Md. Loc. R., App. B.

Zipin bills at $525 an hour, which is higher than the $475 per hour applicable for seasoned attorneys with greater than 20 years' experience.  *Compare* ECF No. 53 at 8, *with* D. Md. Loc. R., App. B.  In urging the Court to use the higher rate, Green highlights that the Court has not amended Appendix B in 9 years, and that the requested rate would otherwise fall within Appendix B were that rate adjusted for inflation.  ECF No. 53 at 8 n.4.  Additionally, Green emphasizes that Zipin is a leader in his field, with over four decades of experience litigating wage and hour cases.  She also rightly cites the extraordinary results that Zipin, as lead counsel, obtained for her.  *Id.* at 8, 10; *see also* ECF No. 53-2 ¶ 3.

Although the Court recognizes Zipin's qualifications and favorable results for Green, the Court nonetheless finds his requested hourly rate out of step with the "broader range of fees

charged by practitioners appearing in federal court in Maryland.'" *Carrera*, 2021 WL 3856287, at *6 (quoting *Kreuze v. VCA Animal Hosp., Inc.*, Civ. No. PJM-17-1169, 2019 WL 2107263, at *4 (D. Md. May 14, 2019). Further, while the matter had been litigated well, it did not demand extraordinarily complex litigation strategy or application of specialized skill. The dispute largely centered on witness credibility and the inferences drawn from a limited set of business records. Accordingly, for this case, the Court concludes that the applicable Appendix B rate of $475 is reasonable. *Accord id.* at *5-6 (adjusting hourly rate from $600 to $475 for employment lawyer with 34 years of experience); *Chaten*, 2020 WL 4726631, at *5-6 (same).

As to Kurzyna, his billing rate is $435 per hour. ECF No. 53-1 at 10. However, Green does not put forward any information regarding Kurzyna that would justify imposing a rate higher than the range set forth in Appendix B applicable to an attorney with his years of experience. *Mariusz Kurzyna, Zipin, Amster, and Greenberg L.L.C.*, https://zagfirm.com/employment-lawyers/mariusz-kurzyna/ (last visited Apr. 4, 2023). Accordingly, the Court will reduce Kurzyna's billing rate to $425 to conform with Appendix B.

The Court next turns to the hours expended as related to Green's success in the litigation. After careful review of the billing records (*see generally* ECF No. 53-1), the Court finds the requested fees to be reasonable and well supported. This litigation spanned two years. Green was pressed to litigate motions to dismiss the Complaint and for summary judgment. ECF Nos. 8 & 21. The matter resolved only by way of a one-day civil bench trial. Green's attorneys appropriately spent the lion's share of billable time on motions practice and trial preparation. For each phase of the litigation, the hours expended appear reasonable and proportionate to the needs of the case. Defendants, by contrast, give the Court no grounds to conclude otherwise.

Thus, the Court will award attorneys' fees in the amount of $64,190.00.[2]

**B. Costs**

Lastly, Green seeks $2,464.00 in costs, which includes $1,832.00 for depositions, $402.00 for the Court's filing fee, and $230.00 for service of process. ECF No. 53 at 21; *see also* ECF No. 53-1 at 16 (itemized invoice for deposition transcripts). Defendants assert that the deposition costs are "especially unreasonable" given that "expedited copies were ordered at a much higher rate" without "need or justification[.]" ECF No. 54 at 7. But the need for expedited copies was of Defendants' own making. Although dispositive pretrial motions were due on November 29, 2021 (ECF No. 14), both parties requested to extend the discovery period until that date (ECF No. 20) and scheduled key depositions for November 11, 2021. ECF Nos. 21-3 & 21-4. For Green to make use of these critical depositions in her summary judgment motion, she had to obtain expedited deposition transcripts. ECF No. 21. Thus, the challenged costs were necessary and reasonable expenditures. The motion for $2,464.00 in costs is granted.

---

[2] The final attorneys' fees calculation is as follows:

| Attorney/Staff | Hours | Rate ($) | Total ($) |
|---|---|---|---|
| Michael Amster | 0.40 | 350 | 140.00 |
| Mariusz Kurzyna | 0.40 | 425 | 170.00 |
| Roy Lyford-Pike | 10.00 | 300 | 3,000.00 |
| Philip B. Zipin | 117.40 | 475 | 55,765.00 |
| Paralegals/Law Clerks | 34.10 | 150 | 5,115.00 |
| **TOTAL** | 162.30 | N/A | **64,190.00** |

### III.     Conclusion

For the foregoing reasons, the Court GRANTS Green's motion for attorneys' fees and costs.  Green is awarded $64,190.00 in attorneys' fees and $2,464.00 in costs for a total award of $66,654.00.  A separate Order follows.


<u>April 5, 2023</u>                                             <u>            /s/                                    </u>
Date                                                                   Paula Xinis
                                                                           United States District Judge